Excuse me. First case called for oral argument this morning is Kruse v. Budget Truck Rental. Counsel, whenever you're ready, make your move. Matters may it please the court. My name is Ellen Burford and I'm an attorney. I'm an associate for Wendler Law, P.C. in Edwardsville, Illinois. I represent the appellant, Brittany Kruse, in this matter. Defendants raised a jurisdictional argument relating to the timing of the filing that the petition for leave to appeal was filed in this matter. This matter, this issue has been briefed and appellants have responded to the motion filed by Appley's. And as a result, the appellant would prefer to speak to the merits of the case unless your honors have any specific questions, which I would like to address. Well, there is a serious jurisdictional issue and no doubt it was filed more than 30 days and there is authority that a motion to reconsider doesn't toll the time. Yes, your honor. And in response to that, I would say that this matter, the original motion to transfer was granted on October 4th. And that 30 days later, on November 4th, the plaintiffs in this matter did file their motion to reconsider. Defendants rely upon authority out of the 1st and 2nd districts, which can be distinguished from the case at hand. There are Supreme Court cases, McLean v. Illinois Central, and then also Kemner v. Monsanto Court that address this very issue. And those courts state that if there are new issues that are brought up in the motion to reconsider, it is considered a new motion on merits and thus would toll the 30 days. Those are all cases where the motion to transfer was denied. Is that correct? And then, you know, the motion to reconsider was considered as a new motion to transfer. Yes, your honor. And in one of the cases, too, the courts said that they were not truly a motion to reconsider but rather a motion to dismiss. And I believe that that was McLean in that matter, that it was considered then a motion to dismiss rather than a motion to reconsider. But in this case, the plaintiffs did discover new, very important information after that initial hearing. And that information would likely have had a bearing on the court's ruling whether or not to transfer this matter. The plaintiffs don't have an opportunity to file a new motion to dismiss when they have the new information that has come to light. Instead, their only avenue of relief is to file a motion to reconsider. Are you talking about the residence of Martinez? Yes, primarily. That actually was not raised in your motion to reconsider. Is that correct? That wasn't raised until December 20th when you filed a memo. The supplement. So it's a little hard to see that as the new matter filed within 30 days. Well, that wouldn't be the only issue that was addressed. That was addressed in our supplemental memo, I believe. But your honor is correct that it was not in our initial motion to reconsider. And your motion to reconsider didn't say we've discovered that Martinez lives in St. Clair County. That didn't come until almost a month later. That's true. We didn't learn that until even later. However, what we did address in our motion to reconsider is that we had two new affidavits for medical providers who attested that a trial in Madison County would be much more convenient for those two witnesses than a trial in Montgomery County. In addition, there had been an error of law that occurred in the original hearing. And thus, the plaintiffs wanted to bring to light those errors of law so that the correct standard could be applied. Plaintiffs would say that this court would ask this court to find that they have jurisdiction over this matter. As such, this matter is a result of Plaintiff Brittany Cruz filed a personal injury negligence action in Madison County as a result of a three-car auto accident that occurred on Illinois Highway 16. This occurred just over the Montgomery County line, into Montgomery County, which borders Madison County. Defendant Michelle Martinez was offering a vehicle owned by a defendant budget company. And at some point while Ms. Martinez was driving this vehicle, the dolly became detached, traveling into the way of Defendant Edwards. And then Defendant Edwards struck the tow dolly, and then the tow dolly then traveled into the pathway of Plaintiff Brittany Cruz. And she sustained injuries as a result of that accident. The lawsuit was filed in Madison County on March 21, 2013. This was approximately a week and a half after Defendant Edwards filed his own action for personal injury claims in St. Clair County. Defendants filed their motion for a forum to transfer venue to Montgomery County from Madison County on the basis of forum not convened. But in that hearing, defendants focused not on the appropriate standard set out by the Supreme Court in Langenhorst v. Norfolk Southern. Rather, they focused on a standard that was the most logical or the most appropriate venue, which as this Court is aware is not the correct standard for a forum not convened motion. Defendants argued to the Court on that day that they were suffering this big prejudicial issue of the possibility of defending two different cases in two different counties and the possibility of two different inconsistent verdicts. The trial court in that matter, in an attempt to alleviate those, assuming an attempt to alleviate those concerns, the trial court did grant defendants motion to transfer and transferred that matter to St. Clair County so that it could be consolidated with Mr. Edwards' matter pending there, which is 13-L-130. However, defendants claimed throughout the entire hearing that their only concern was that this matter ended up in the same place as the St. Clair County action so that they could defend it once and they would not be at risk of those inconsistent verdicts. But defendants very clearly did have another agenda. Once the case was moved to St. Clair County, alleviating their concern of inconsistent verdicts, defendants immediately asked the trial court to then transfer the case out of St. Clair County and into Montgomery County. The trial court granted that motion as the accident did occur in Montgomery County. However, the defendant has now placed itself in the exact same place it was complaining of that it was at risk of these inconsistent verdicts. So defendants in that manner were engaging in reverse forum shopping, likely believing that Montgomery County would be a more favorable venue to have their case decided than Madison County or St. Clair County because they are the ones who asked that the matter be transferred. Looking at defendants' position on forum non-convenes, it's incorrect both factually and legally. The defendants, as I mentioned before, are focusing on the most logical and the most appropriate venue. That's not the standard for forum non-convenes. Instead, Langenhorst and Norfolk Southern set out a two-part test that a defendant must prove in order to meet their burden showing that a transfer is warranted and that a transfer should be moved on the basis of forum non-convenes. The defendant must prove first that the plaintiff's chosen forum is inconvenient to the defendants and that another forum is convenient to all parties. Defendants fail to meet the first element, which is that the plaintiff's chosen forum is inconvenient to the defendants. The defendants don't argue that they don't provide a single affidavit, and they never argued to the trial court that Madison County was inconvenient to them. They simply argued that having two cases was inconvenient for them. They never argued that it would be inconvenient to them to try the case in Madison County. In addition, they couldn't argue that looking at the second part of the test, that another forum is more convenient to all parties. Defendants also failed to meet the second part of this test. Looking at the parties in the case, Michelle Martinez. Defendants have an ever-evolving theory on where Michelle Martinez is and whether or not they represent Michelle Martinez. Looking at the court records C-198, the defendants filed a pleading in St. Clair County where they represented Michelle Martinez. They stated that Michelle Martinez likely resided in St. Clair County. In Madison County, they filed a pleading with the court saying that they did not know where Michelle Martinez was, that there was no attorney-client relationship, and that they did not represent Michelle Martinez. In fact, defendants did represent Michelle Martinez and they filed the very motion that we're here arguing over on behalf of Michelle Martinez. So for defendants to say in one case that they have no relationship with her and have no idea where she is, and in another case filed at the exact same time saying that they do represent her and in all likelihood she is in St. Clair County, it's inconsistent. On either theory of the defendants, they cannot claim that Michelle Martinez... It would be inappropriate for them to claim that Michelle Martinez would find that Montgomery County is a more appropriate venue, or I'm sorry, a more convenient venue than Madison County. Without knowing where she is, if that is the theory that defendants would like to go with, without knowing where she is, it's very possible that she lives next door to Madison County Courthouse. We don't know if defendants are saying that they truly don't know where Michelle Martinez is located. Looking at the other theory, that Michelle Martinez is in fact located in St. Clair County, which in all likelihood she is located in St. Clair County, it's inconceivable how defendants can claim that it would be more convenient for her to attend a trial in Montgomery County, an entire county away from her home county, versus a neighboring county in Madison County. Speaking on another form being convenient to all parties, plaintiff has attested that she is not inconvenienced by a trial in Madison County, that in Madison County she frequently... she lives just on the border of Madison County and Montgomery County, that a trial in Madison County versus a trial in Montgomery County would add a mere 15 minutes to her commute, and that she frequently travels to Madison County for medical appointments, for pleasure, and for work. So Michelle Martinez would very clearly not be inconvenienced, and Montgomery County would not be a more convenient venue. But it's not just Michelle Martinez. Defendant Edwards filed an affidavit saying that he would not be inconvenienced by a trial in Madison County or St. Clair County, and that the driving times and the difference in the times, he lives in Clinton County, and that the distance between the two and a trial either in any of the venues is inconsequential to him. Mashed off trucking is the company that Mr. Edwards was driving for when the accident happened. So three of the five defendants, Mr. Edwards, Ms. Cruz, and Ms. Martinez, would be inconvenienced. It would be more convenient for a trial in Madison County than for a trial in Montgomery County. This court set out a list of factors to determine whether or not the defendant has met their burden. The defendant has not met their burden in this matter. They have failed both parts of the test. But looking at the specific factors and determining whether or not the specific factors weigh in favor of transfer, upon examination, those factors do not weigh heavily in favor of a transfer to Montgomery County. This honorable court laid out a list of factors in a Brown v. Cottrell for examining those factors. There are private interest factors and public interest factors. The private interest factors are the convenience of the parties, the ease of access to witnesses and evidence, and all other practical considerations that make trial expeditious or inexpensive. Looking at the first private interest factor, that Madison is more convenient for the parties, I believe that I've spoken to that, that Michelle Martinez, regardless of whether she is located in Madison County, or I'm sorry, in St. Clair County, or doesn't know that she would be more, it would be just as convenient in Madison County. Defendant Budget, I'm sorry, Defendant Edwards would not be inconvenienced by a trial in Madison County. And Plaintiff Cruz would not be inconvenienced by a trial in Madison County versus Montgomery County. But looking at the second private interest factor, which is the ease of access to witnesses and evidence, this accident, again, occurred right on the border, so it would not be difficult in the event that a jury needed to go see the accident site. It's not far from Madison County, so there is that access. The Elmwood Street Police are the investigating entity that looked into this matter, and they would be able to easily travel to Madison County for testimony. The other witnesses in this matter, there are affidavits by two of the treating physicians, affidavits of Plaintiff Brittany and Cruz's treating physicians saying that a trial in Madison County would be much more convenient. One of those treating physicians is located in Granite City in Madison County. The other treating physician is located in St. Louis, and that treating physician, in order to attend a trial in Montgomery County, would have to travel through Madison County to get to Montgomery County. Now, that treating physician also stated that a trial in Madison County would be much more convenient for him than a trial in Montgomery County. There is a third treating physician who is now relocated to Florida. That treating physician would be flying to the area for a trial and flying into Lamberts International Airport. That Lamberts International Airport is approximately 40 miles closer to Madison County than to Montgomery County, so that it would be much more convenient for that treating physician and that witness as well. In addition, the partisan case would be testifying, and I believe I have discussed that it would be more convenient for those individuals to have a trial in Madison County versus St. Clair County. Looking at the public, I'm sorry, the third private interest factor is that all other practical considerations making trial easy, expeditious, or inexpensive. While it's not a heavily weighted matter, it can be considered by the court that all legal counsel for all parties in this matter are located in Madison County. The courts have found that that can be considered as the litigants are the only individuals that are attending each of the hearings. So even that factor would weigh in favor of a trial in Madison County and not a transfer to Montgomery County. Turning to the public interest factors, the interest of involving inherently local controversies locally. This matter is certainly of high interest to Madison County residents and for potential jurors, which is the second factor, and that Michelle, Definite Budget Trucking has three rental locations within Madison County. These are the same rental companies that rent the identical type of truck and dolly that Michelle Martinez was driving and that ultimately injured Plaintiff Brittany Cruz. So Madison County residents certainly have an interest in making sure that and serving on juries to ensure that their roadways are safe and that companies like Budget Trucking Rental are following and making the roadways safe and providing equipment that would ensure the safety of all individuals driving. Also, in all likelihood, Michelle Martinez would have been driving through Madison County prior to the accident just by where the accident happened. It's very likely that she drove directly through Madison County right before the accident happened and that accident could have easily have happened just a few miles earlier on the road in Madison County, giving Madison County residents a very important interest in this matter. And the final public interest element is the relative congestion of the dockets. Madison County certainly has more cases than Montgomery County. However, there has been no evidence that a trial would be delayed in Madison County or that it would take an unreasonable amount of time for a matter to proceed through the Madison County court docket into a trial in this matter. So even that factor weighs in favor of the matter staying in Madison County. Plaintiffs' right to choose the form must be held if the factors do not strongly weigh in favor of the defendant's motion to perform non-convenience. In this matter, all of the factors, the two-part test and the public and private interest factors, they don't weigh heavily in favor of transfer or form non-convenience. At best, defendant's best argument is that this accident did occur in Montgomery County on the county line and that potential witnesses are scattered among several different counties. However, according to Langenhorst, the plaintiff has a substantial right in choosing where his rights will be vindicated and the plaintiff's forum choice should rarely be disturbed unless the factors strongly favor transfer. You can finish your sentence. That's okay. Those matters do not strongly favor transfer. Thank you. Thank you, counsel. Counsel? Thank you. May it please the court. My name is Tara English with Reed Armstrong, and I represent defendants James Edwards and Mashup Transport, who filed a motion asking the court to dismiss this appeal for lack of jurisdiction. My intention is to argue in favor of the motion to dismiss, and then Mr. Pratt will argue the merits of the appeal. Prior to considering the merits of an appeal, appellate courts are duty-bound to determine whether the appeal has been brought properly  Here, plaintiff claims that the appellate court has jurisdiction pursuant to Supreme Court Rule 306. However, as a prerequisite to appellate jurisdiction, Rule 306 specifically requires that a petition be filed in a reviewing court within 30 days after the entry of the interlocutory order being appealed from. Rule 306 even articulates the appropriate method for obtaining additional time to file a petition. According to the rule, the 30-day time limitation for filing a petition may be extended by the reviewing court or a judge thereof upon notice in motion, accompanied by an affidavit showing good cause, filed before the expiration of the original or extended time period. Where a rule expressly outlines procedure to be taken on appeal, as does Rule 306, the procedure must be followed exactly. Illinois courts, including this court, have held that the 30-day time limit under Rule 306 is jurisdictional. A motion to reconsider a trial court's order to transfer a case based on forum nonconvenience does not toll the running of the 30-day time limitation for filing a petition relieved to appeal. So if we determine that we don't have jurisdiction, all that means is that the plaintiff has lost the opportunity for a permissive interlocutory appeal. But this issue on forum nonconvenience would be preserved and could be raised later after a judgment. True? It would be true. I mean, if they didn't file a petition for leave to appeal at all, they could still raise that issue sometime later, right? I guess all the preserved issues could be raised at the end of the appeal. If they're too late in filing the permissive interlocutory appeal, the issue is still out there, isn't it? I believe at the end of the judgment, maybe they could appeal all issues that have been preserved. Right. Buckland v. Lazar is directly on a point. In Buckland, the court noted that Supreme Court Rule 306 is specific in its requirement that in order to vest the appellate court with jurisdiction, the petition for leave to appeal must be filed within 30 days after entry of the trial court's order or within extension of time as may be granted by the reviewing court. The court therefore found that it was without jurisdiction to hear that appeal. Here, like in Buckland, the plaintiff filed a motion to reconsider after the court entered its October 4, 2013 order transferring the case to Montgomery County. The plaintiff did not file her petition for leave to appeal or request an extension of time from this court as required by Supreme Court Rule 306. Rather, she waited until after the trial court ruled on the motion to reconsider before filing her petition. Consequently, her petition for leave to appeal was filed on April 21, 2014, 199 days after the Circuit Court of Madison County entered its order transferring the case to Montgomery County. Could you explain the basis of the trial court saying there's no such thing as a motion to reconsider? I could, but Mr. Pratt, I believe, intends to address that argument. Okay. Oh, that's fine. That's fine. Thank you. If I could ask a follow-up question about that. I mean, that's something I was wondering about, too. Was he talking about this series of cases that say a motion to reconsider does not toll filing a petition for leave to appeal? Or was he saying there's no such thing as a motion to reconsider in any case? I was not at the hearing. I have only read the transcript, and I can't say anything more than what was said in the transcript, which I believe was- There's no such thing as a motion to reconsider. Actually, it was in the order, so. Okay. But because the plaintiff did not file for petition for leave to appeal until 199 days after the court entered its order, defendants have moved the court to dismiss the appeal and to remand the case to Montgomery County. By claiming that defendants' motion cites law that is not binding, plaintiff overlooks both the language of Supreme Court Rule 306 itself and cases from the Fifth District recognizing that appellate jurisdiction under Supreme Court Rule 306 is dependent on petitions being filed within 30 days of the order. Both Autumn B. Bowman and Leet B. Louisville and National Railroad Company are Fifth District cases that have held that a motion to reconsider did not toll that 30-day time period. Plaintiff asks the court to treat her motion to reconsider as if it were a new substantive motion. The cases plaintiff relies on are easily distinguishable. Both McLean and Kemner involve appeals from the trial court's denial of a defendant's form of nonconvenience motion. Here, because the defendant's motion to transfer from form of nonconvenience was granted, the plaintiff's motion to reconsider was directed against a specific order, the October 4, 2013 order granting the motion to transfer. Therefore, it is difficult to see how plaintiff can argue that her motion is not a motion to reconsider. Additionally, plaintiff's suggestion that Illinois law allow her to file a petition after her motion. Let me interrupt you for a minute, if I could. The argument of your opposing counsel is that new matters were in this motion to reconsider, however you label the motion. Does that make a difference and does that conform with any of the cases that they cited? Yeah, there's actually no law that supports that argument. The law that plaintiff cites, Kemner and McLean, both deal with cases where the defendant's motion to transfer was denied. And they are involving successive motions to dismiss, which the court labeled a new motion to dismiss. So rather than asking the court to reconsider an order, those motions were found to be new motions. Well, that's, yeah, that really is part of my question. Because whether it's labeled new motion or motion to reconsider, the argument is in the body of the motion, there are new matters which were not considered by the trial court in the initial ruling on the motion. So would that distinguish it and bring it under the rule since it was a new motion? It would not in this case because plaintiff's claim that her motion contained new evidence is actually not an accurate reflection of her motion. Her motion, her initial response to the motion to transfer, claims that Madison County would be more convenient for the medical treatment providers. In her supporting memorandum of law filed after the motion was granted, she attached a new affidavit. But there was already an affidavit from a medical treatment provider, a different medical treatment provider, that was attached before the court made its ruling. So she re-articulated a previously made argument and added a new affidavit in support of that argument. And then two and a half months after the order was entered, she filed another supplemental memorandum of law and attached an exhibit which was a pleading filed by co-defendants' counsel in another case, indicating that Defendant Martinez might reside in St. Clair County. That pleading is not evidence and... I'm not talking about evidence. I'm talking about new materials presented to the court for consideration. Both of those are not new materials that would make it a new motion in your opinion? No, not in my opinion. Again, as plaintiff did not file a petition for leave to appeal within 30 days as required by the rule, we have asked that the appeal be dismissed for lack of jurisdiction and the case be remanded to Montgomery County. Thank you, counsel. Counsel? Excuse me. I'm contagious. May it please the court, good morning. My name is Larry Pratt and I'm here on behalf of the respondent of Budget Trump Rental. In this case, the trial court did not abuse its discretion, its broad discretion in granting the respondent's motion for form 9 convenience and in denying the plaintiff's motion to reconsider. The court held a hearing, argued on it. The issues were briefed on both sides by multiple pleadings, which the record reflects. And the court took argument on both the public and private factors to be considered in which is the most appropriate forum. In the way of the private factors, first the convenience of the parties. The plaintiff lives in Montgomery County. The investigating law enforcement agency that generated the police report is headquartered in Montgomery County. One of plaintiff's treating physicians, while he lives in Madison County, has an office in Montgomery County. Plaintiff appellate has made reference to Ms. Martinez living here, living there. It is speculation. But one additional source of speculation is the police report for which Ms. Martinez was present, where she lists her residence as Montgomery County. Now that document is not part of the record because it was not introduced into evidence by any of the parties. It likewise falls into the category then of speculation and should be accorded little or no weight, as the trial court did in its analysis. The convenience of the parties clearly illustrates that Montgomery County would be more convenient for the police officers. What about your remaining problem of one case in St. Clair County and one case either in Madison County or Montgomery County, rather than also in St. Clair County? Part of your initial position was inconsistent results, inconsistent verdicts. Don't you still have that problem? Yes, Your Honor. The short answer is yes, but there are only certain vehicles by which we can address that problem and remedy it. The subject of this appeal is the vehicle that we had that we could use in Madison County. St. Clair County is a different problem for which we're not really here on today. We've still got to deal with that. But that was part of your argument initially to get it transferred out of Madison County. Yes, Your Honor. But that was only part of the argument. No, I realize that. I mean, it was a multiply phased argument. But that was and continues to be part of your argument to the circuit court in Madison County, correct? Yes, Your Honor. That is correct. However, with regard to what we're here on today, that is just one issue in terms of the practicality and convenience that the trial court had to analyze. As the court mentioned, there were substantial numbers of factors. The convenience of the parties have been talked to extensively. But the evidence, the documentary evidence that's going to be relevant in this case is going to be located in Montgomery County. The site is located in Montgomery County. If a jury is going to have to be taken to the site, it is going to be much easier and cheaper, fiscally and logistically, to transport a Montgomery County judge and jury to a Montgomery County site. How many cases have you been involved in where a jury was taken to the site of an incident? A few, Your Honor. It would be speculation. I would say off the top of my head, two. With regard to the issue, though, and the analysis, it's not whether they're actually going to go. It's if it, and not even if it is necessary. But under McCain, it's where it could be possible that it's necessary in this case. Clearly, the trial court could find, and bear in mind, there has been no discovery in this case. We are not even into the face of the case where we will identify all of the witnesses and all of the evidence that we need. We know that the accident happened in Montgomery County. We know that we have at least one party in Montgomery County, and we know that we have a necessary witness, the highway patrol in Montgomery County. The chances are very good that when we get into the discovery phase, we're going to find more evidence and more witnesses, which takes us to the ability of the court to compel witnesses who don't want to cooperate to be able to come and testify or compel entities that have evidence that we might need. A Montgomery County court is going to have jurisdiction over a Montgomery County witness over the records kept in Montgomery County, over the site of the accident in Montgomery County. A Montgomery County court is going to have a much easier time, cheaper and more convenient time, compelling people to cooperate to move this case forward. Further, with regard to the site itself, the cost of witness attendance, if we've already spoken about the number of witnesses that are already located in Montgomery County. Appellant made reference to the treating physician. Well, first of all, the office is in Montgomery County. Second, in the McCain case, the High Court has said that's a very little weight. There are a lot of factors to consider. The totality of the factors should be looked at broadly, but that doesn't mean they're all given the same weight. Where the treating physician is arrested, very little weight. Where the attorneys are located, very little weight. Not no weight, but very little relative weight. Appellant argues that the plaintiff's choice of forum should be given an elevated status. However, the case law indicates exactly the opposite. When the plaintiff chooses a forum in which neither she resides nor the accident happened, then her choice of forum is given, again, from the final case, far less weight. The Dowdy case goes a step further to say that if the plaintiff chooses a venue in which she does not reside and in which the accident did not happen, then it is reasonable to conclude that that choice is the result of forum shopping. If that is the conclusion of the trial court and the trial court is within its discretion to reach that conclusion, then it has been stated in Illinois case law that that is an issue to be discouraged. If the court came to that conclusion, then necessarily the plaintiff's choice of forum must be given, again, far less weight. In this case, the issue of Avis and or Budget doing business in Madison County is, for all intents and purposes, to the analysis, if not irrelevant, of very small weight because the court in the McCain case said that doesn't really matter when you have a national corporation. It's not their principal place of business. Budget does business in every county of every state in the Union. You are going to equate much weight to that. The court says that completely undercuts the whole notion behind forum meetings. With regard to the motion to reconsider, that was filed regardless of whether or not, and I see my time is getting short, regardless of whether or not the judge believed that a motion to reconsider even exists, it becomes irrelevant if he did not abuse his discretion in the underlying motion in the first place. The underlying motion was, or if the underlying order was accurate and appropriate, then it doesn't matter for the judge. You can finish your sentence. But what the judge said. Thank you. Thank you. Counsel? Thank you, Your Honor. First to address one of the questions that you posed to opposing counsel regarding the motion to reconsider. This matter, the judge, when he denied any argument on the motion to reconsider, that was addressed to all motions to reconsider. That hearing happened prior to the motion to dismiss being filed. Months before the motion to dismiss had been filed or before any argument had been made, either in any type of brief or before the court regarding motions to reconsider. Plaintiffs presented their motion to reconsider. The judge then looked at what was up for hearing. He said, what you got? And when plaintiffs addressed that they had a motion to reconsider, the trial court ruled that there is no such thing as motion to reconsider. Plaintiffs at that time. And was the judge saying, in this kind of situation, where you're dealing with a forum nonconvenience motion, or was he saying? No, Your Honor. It was all the way. It was across the board. And at that time, plaintiffs offered to show the trial court that they had case law showing that other courts have recognized motions to reconsider. And the judge showed surprise at that and ruled that there was no such thing as motion to reconsider. Plaintiffs at that time then did ask the trial court for a court reporter to make the record, and that was denied as well. But it was a blanket across the board. Turning to some of the issues that were addressed by opposing counsel with the St. Clair County case that was addressed to Mr. Pratt, that is still a problem that defendants have. They still have two cases in two separate counties. However, the St. Clair County judge did, and this is on court record 227, the St. Clair County judge took the matter. Defendants filed a similar motion in St. Clair County. The St. Clair County judge refused to rule at that, determined not to rule at that time, but instead consolidated the matters, this Madison County case and the St. Clair County case, for discovery purposes only. So when a defendant says that discovery has not been conducted, the case has been consolidated by a St. Clair County judge for discovery purposes only. And even prior to that order, plaintiffs had sent interrogatories and discovery requests to defendants, some of which they answered, some of which they just did not answer at all. So this matter is in the discovery process. Looking at the deference that this matter should have, defendants said that this should not be given. When a plaintiff chooses to file a case where she does not live, that she should be given very little deference. It is plaintiff's position that that is not what the case law says. Again, in Lange and Horst, it says that it should be given less deference, but not that it should be given no deference. And so plaintiffs, because the factors weighed so heavily in favor of the case, staying in Madison County, they did not weigh heavily in favor of a transfer. It's plaintiff's position that her choice of form should be given deference even though it is in Madison County. So at this time, plaintiffs asked that this court reverse the October 4, 2013 order, which transferred this matter to Madison County, remanded it back to – from Madison County to Montgomery County, remanded it back to Madison County for a trial on the merits against all defendants. In the alternative, plaintiffs do request that this matter be transferred to St. Clair County and consolidated with that matter for a trial on merits against all defendants. Thank you. Thank you. We appreciate the briefs and arguments. The counsel will take the case under 5 minutes.